# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON OMAR FUENTES RIVERA,<br><br>Petitioner,<br><br>v.<br><br>JEREMY CASEY, Warden of Imperial Regional Detention Facility, et. al.,<br><br>Respondents. | Case No.: 26-cv-0869-BJC-JLB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Jason Omar Fuentes Rivera, a citizen of Honduras, entered the United States on or about October 17, 2016, without inspection, and was arrested by a border patrol agent the same day. ECF Nos. 1-3 at 2; 1-4 at 2. He established a credible fear of persecution or torture on November 15, 2016. ECF No. 1-4. Petitioner was issued a Notice to Appear on November 16, 2016, which initiated removal proceedings. ECF No. 1-5. He was released on bond on December 8, 2016. ECFs No. 1-6, 1-7. On December 14, 2017, he filed an application for asylum and withholding of removal. ECF No. 1 ¶ 32. Later, he received authorization to work in the United States. ECF No. 1-9. On July 19, 2021, Petitioner filed a petition for U Nonimmigrant Status with United States Citizenship and Immigration Services ("USCIS"). On November 11, 2021, Petitioner's motion to

administratively close his immigration proceedings, based on his pending petition before the USCIS, was granted. ECF No. 1-11. On March 28, 2024, he was issued a Bona Fide Determination Notice indicating his petition warranted a favorable decision. ECF No. 1-10. On January 31, 2026, Petitioner was arrested and detained by immigration officers when he stopped at a checkpoint near Yuma, Arizona, and he remains detained at the Imperial Regional Detention Facility. ECF No. 1 ¶¶ 41, 43.

On February 11, 2026, Petitioner filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. This Court set a briefing schedule and issued a limited stay on February 13, 2026. ECF No. 2. Respondents filed a return to the petition on February 23, 2026. ECF No. 7. On February 24, 2026, Petitioner filed a traverse. ECF No. 8.

## LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## DISCUSSION

Petitioner asserts his re-classification as an "applicant seeking admission" under 8 U.S.C. § 1225(b)(2) is contrary to law, his re-detention violates his Fifth Amendment due process rights, and he is a member of the Bond Eligible Class in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025). Respondents argue Petitioner's claim is jurisdictionally barred by 8 U.S.C. § 1252(g), and Petitioner is lawfully detained.

**I. Jurisdiction**

Congress explicitly divested courts of jurisdiction over claims "arising from the

decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g).  The provision is read narrowly and does not apply to every decision or action that may be a part of the deportation process, only those involving the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders. *Ibarra-Perez v. United States,* No. 24-631, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (citing *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471 (1999)).  Challenges to unconstitutional practices and policies that do not arise from the Attorney General's decision to commence proceedings, adjudicate cases or execute removal orders, but are merely collateral to those, are not subject to § 1252(g). *Walters v. Reno*, 145 F.3d 1032, 1052 (9th Cir. 1998) (citing *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 492, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991)).

Petitioner challenges his detention under § 1225(b)(2)(A) as unconstitutional and in violation of applicable statutes.  ECF No. 1 ¶¶ 49-85.  Challenges to detention without bond are generally collateral to, and does not arise from, the decision to commence and adjudicate proceedings or execute removal orders. *See D.D. v. LaRose*, No. 25-CV-2681-BJC-JLB (S.D. Cal. Oct. 22, 2025).  Accordingly, § 1252(g) does not divest this Court of jurisdiction to hear Petitioner's claims.

**II.  Merits**

Petitioner contends, as someone arrested after he already entered the United States, he was not seeking admission and, therefore, Respondents' conduct of subjecting him to mandatory detention under § 1225 is contrary to law and violates his due process rights. Respondents argue Petitioner's detention is mandatory under § 1225 because he is an arriving alien deemed to have a credible fear of persecution.

"U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)," and "to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)." *Jennings v. Rodriguez*, 583 U.S. 281, 289, 138 S. Ct. 830, 838, 200 L. Ed. 2d 122 (2018)).  Pursuant to § 1225(b), applicants for admission are screened by immigration

officers to determine whether the individual is inadmissible under section 8 U.S.C. §§ 1182(a)(6)(C) or 1182(a)(7).  8 U.S.C. § 1225(b)(1).  Unless the applicant indicates an intention to apply for asylum, he or she is subject to expedited removal "without further hearing or review."  8 U.S.C. § 1225(b)(1)(A)(i).   Those indicating an intention to apply for asylum are submitted to an interview to determine whether they have a credible fear of persecution, and, if so, they are detained for consideration of their application for asylum.  8 U.S.C. § 1225(b)(1)(B).  Applicants that are "not clearly and beyond a doubt entitled to be admitted" are detained for immigration proceedings.  8 U.S.C. § 1225(b)(2)(A).

Under § 1226(a), "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  8 U.S.C § 1226(a).  Pending the decision on whether to remove the alien, the Attorney General may continue to detain the individual or release him or her on bond or conditional parole.  *Id*.

Respondents detained Petitioner under § 1225(b), as an "applicant for admission" subject to mandatory detention.  At the time of his arrest and detention, Petitioner was living and working with authorization in the United States.  The Court finds Petitioner was not an applicant for admission under § 1225, when he was taken into custody in January 2026.  Because Petitioner was arrested within the interior of the United States, he was subject to § 1226.  There is nothing demonstrating Petitioner was engaged in any conduct that can be interpreted as "seeking admission" at the time of his arrest in January 2026.  Accordingly, mandatory detention under § 1225 does not apply to Petitioner.  The Court finds Petitioner's detention without a bond hearing is unlawful and violated his due process rights.[1]

---

[1] While Petitioner argues Respondents violated his due process rights when it re-detained him without providing him an opportunity to be heard, Petitioner does not discuss the effect of the administrative closure on the previously posted bond.  Respondents' return is completely silent on the issue.  To the extent Petitioner's arrest and detention is a revocation of his previously posted bond, Petitioner has a protected liberty interest in remaining out of custody after his release on bond.  *Singh v. Casey*, No. 26-CV-1061-JES-DEB, 2026 WL 559779, at *3 (S.D. Cal. Feb. 27, 2026)(listing cases); *Singh v. Noem*, No. 26-CV-0932-GPC-MMP, 2026 WL 468159, (S.D. Cal. Feb. 18, 2026); *Pinchi v. Noem*, 792 F. Supp. 3d

Accordingly, the Court GRANTS the petition for a writ of habeas corpus in part. Respondents shall hold a bond hearing within fourteen days of this order and cannot deny bond at the hearing based on § 1225. Respondents are enjoined from transferring Petitioner before a bond hearing takes place. Petitioner's request for attorneys' fees and costs is DENIED without prejudice to Petitioner filing an appropriate application for fees. The petitioner is otherwise denied. The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated: March 10, 2026

*/s/ Benjamin J. Cheeks*
Honorable Benjamin J. Cheeks
United States District Judge

---

1025, 1032 (N.D. Cal. 2025). Respondents do not dispute that Petitioner was detained without notice or a hearing.